

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-21-2007

# Bealer v. Mutl Fire Marine

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4351

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Bealer v. Mutl Fire Marine" (2007). *2007 Decisions*. Paper 897.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/897

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4351
_____

DONALD A. BEALER;
MARIANNE C. BEALER;
JAMES C. BEALER

v.

THE MUTUAL FIRE, MARINE AND INLAND INSURANCE COMPANY;
THE FRANKLIN HOMEOWNERS ASSURANCE COMPANY; FHA HOLDING
COMPANY; MIKE PETRELIA, Individually and as CFO & Treasurer;
FRANK MCCALL, Individually an as Assistant Controller

Donald A. Bealer, Appellant
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 04-cv-5915)
District Judge: William H. Yohn, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
June 1, 2007

Before: RENDELL, HARDIMAN AND COWEN, CIRCUIT JUDGES

(Filed: June 21, 2007)

_____

OPINION
_____

PER CURIAM

Donald Bealer appeals an order of the United States District Court for the Eastern District of Pennsylvania granting defendants' motion for partial summary judgment, and an order dismissing certain claims for failure to state a claim upon which relief may be granted. For the reasons below, we will affirm the District Court's judgment.

I.

On December 20, 2004, Bealer filed a pro se complaint against defendants Mutual Fire, Marine and Inland Insurance Company (Mutual Fire) and its corporate officers Mike Petrelia and Frank McCall, Franklin Homeowners Assurance Company (FHA), and FHA Holding Company. Bealer filed an amended complaint on April 18, 2005. The amended complaint contained nine counts: (1) breach of contract, (2) negligence, (3) slander, (4) libel, (5) negligent misrepresentation, (6) intentional interference with contractual relations, (7) fraud, (8) intentional infliction of emotional distress, and (9) civil RICO. Bealer claimed the causes of action arose out of actuarial services he performed for defendants from 1997 through 2003. Defendants filed a motion to dismiss, which the District Court granted in part and denied in part. Specifically, the District Court dismissed all counts except count one--seeking payment for actuarial services provided to defendants for the years 1997 through 2003--and count six--alleging that defendants intentionally interfered with Bealer's contracts with certain other clients. Thereafter, defendants filed a motion for partial summary judgment. The District Court granted the motion, ruling that Bealer's breach of contract claims, except those concerning contracts allegedly breached in 2003, were barred by the statute of limitations. The District Court

2

also ruled that Bealer's claim concerning intentional interference with contractual relations was either barred by the statute of limitations or without merit. Thus, the only remaining claims were Bealer's breach of contract claims for services performed in 2003. On May 30, 2006, the parties settled the remaining contract claims before the Court. Accordingly, on September 22, 2006, the District Court entered an order dismissing Bealer's breach of contract claim based on the settlement, without prejudice to Bealer's right to appeal the dismissal of other claims. Bealer appealed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review is plenary. See Malia v. General Elec. Co., 23 F.3d 828, 830 (3d Cir. 1994). In reviewing the order granting the motion to dismiss, we apply the same test as the District Court and must accept as true the facts alleged in the complaint and view them in the light most favorable to the plaintiff. See Fagin v. Gilmartin, 432 F.3d 276, 281 (3d Cir. 2005). In reviewing a grant of summary judgment, we must view the facts in the light most favorable to the non-moving party. See Smith v. Mensinger, 293 F.3d 641, 647 (3d Cir. 2002). Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

## II. Discussion

With respect to its order of August 1, 2005, the District Court correctly granted in part defendants' motion to dismiss. The District Court ruled that Bealer's negligence, negligent misrepresentation, and fraud claims were barred by the "gist of the action"

3

doctrine. We agree. The gist of the action doctrine bars a plaintiff from bringing a tort claim for damages that merely replicates a claim for breach of an underlying contract. See Werwinksi v. Ford Motor Co., 286 F.3d 661, 680 n.8 (3d Cir. 2002). Bealer's claims of negligence, negligent misrepresentation, and fraud are barred because the gravamen of the claims is in contract. See Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc., 247 F.3d 79, 103 (3d Cir. 2001) (to be construed as a tort action (and not a contract action), the tortious wrong ascribed to the defendant must be the gist of the tort action with the contract being collateral). Thus, the District Court correctly dismissed those claims.

The District Court also correctly dismissed counts three and four (slander and libel respectively). According to Bealer, defendants' slanderous remark was that Bealer was "adamant" about not making false or improper changes to his actuarial reports. We agree with the District Court that this statement cannot be construed to harm Bealer's reputation. See U.S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia, 898 F.2d 914, 923 (3d Cir. 1990). Indeed, defendants' alleged statement implies that Bealer possesses, rather than lacks, professional integrity. With respect to his libel claim, Bealer alleges that defendants distributed his actuarial reports and opinions without his consent in 2003. For essentially the reasons given by the District Court, Bealer's allegations do not sufficiently establish a cause of action for either slander or libel.

We also agree with the District Court that Bealer failed to state a claim for intentional infliction of emotional distress. Although defendants might have been

4

difficult to work with, Bealer failed to plead any conduct that was so outrageous and extreme as to go beyond all bounds of human decency. See Williams v. Guzzardi, 875 F.2d 46, 51-52 (3d Cir. 1989).

According to the District Court, Bealer's civil RICO claim in count nine of the amended complaint alleged two types of predicate acts that might form the basis of a RICO violation: (1) conspiracy to steal Bealer's services, and (2) using the United States mail to defraud insurance regulators and policy holders. The District Court correctly ruled that theft of services does not support a RICO claim. See Annulli v. Panikkar, 200 F.3d 189, 199 (3d Cir. 1999). Moreover, we agree with the District Court that even if Bealer adequately alleged predicate acts (mail fraud) sufficient to satisfy the pleading requirements for a RICO claim, Bealer lacked standing to raise a RICO claim, as he failed to make the threshold showing that (1) he suffered an injury to his business or property, and (2) the injury was proximately caused by defendants' racketeering activities. See Maio v. Aetna, Inc., 221 F.3d 472, 483 (3d Cir. 2000). In sum, we find no error in the District Court's decision to dismiss certain counts for failure to state a claim upon which relief may be granted.[1]

The District Court also correctly granted in part defendants' motion for summary

---

[1] For the reasons given by the District Court, we agree that Mutual Fire's corporate officers Petrelia and McCall cannot be personally liable for the contract between Mutual Fire and Bealer. See Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd., 181 F.3d 435, 445 (3d Cir. 1999). Thus, Petrelia and McCall were properly dismissed as defendants in the action. Moreover, Bealer's wife, Marianne Bealer, lacked standing to pursue either of the surviving claims of the amended complaint.

judgment. Under Pennsylvania law, the statute of limitations for contract actions is four years. See 42 Pa. Cons. Stat. Ann. § 5525. Bealer filed his action on or about December 20, 2004. Accordingly, Bealer's claims stemming from contracts between 1997 and 1999 are time-barred. Bealer did not make any claims for contracts between the years 2000-2002. Thus, the District Court correctly granted summary judgment as to all the contract claims except the one claim for services performed in 2003. Also, under Pennsylvania law, the statue of limitations for a claim of intentional interference with a contract is two years. See 42 Pa. Cons. Stat. Ann. § 5524; see also CGB Occupational Therapy, Inc. v. RHA Health Services, Inc., 357 F.3d 375, 383-84 (3d Cir. 2004). The statute of limitations begins to run at the time the cause of action accrues. Id.[2] Bealer alleged that his claim for intentional interference of a contract occurred in March and April of 2001. According to Bealer, defendants' unreasonable demands during this time caused him to lose all of his other clients. We agree that this claim is time-barred. Bealer did not identify any other claims for intentional interference of a contract.

Based on the foregoing, we will affirm the judgment of the District Court.

---

[2] We agree with the District Court's thorough analysis in its May 3, 2006 memorandum and order denying Bealer's motion for reconsideration, that under the facts of this case, the "discovery rule" did not toll the statutes of limitations. Dist. Ct. Memorandum, May 3, 2006 at 8-13.